NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LARISA KOPETS et al.,

    Plaintiffs-Counter-
Defendants-Appellees,

    v.

LARA KAJAJIAN,

    Defendant-Counter-Claimant-
Appellant.

No. 22-55616

D.C. No.
2:19-cv-07990-DSF-GJS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 7, 2023
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and TUNHEIM, District Judge.**

Plaintiffs Larisa Kopets and Larisa Love, LLC, and Defendant Lara Kajajian

sell hair care products under the names "Larisa Love" and "Larissa Love,"

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

respectively. Kopets registered her "Larisa Love" mark with the United States Patent and Trademark Office, effective as of its filing date of December 23, 2016. Kajajian claims that she began using the name "Larissa Love" in 1997 but did not file an application for federal registration of her "Larissa Love" mark until May 10, 2018. Kopets initiated this action against Kajajian, requesting a declaration that her use of the name "Larisa Love" did not infringe upon Kajajian's mark. Kajajian counterclaimed for trademark infringement under the Lanham Act and common law. After a bench trial, the district court concluded that Kajajian did not have priority of use because she failed to satisfy her burden to show that she used the name "Larissa Love" continuously in relation to hair care products before she registered her mark and, therefore, her infringement claim failed. The district court granted judgment in favor of Kopets. Kajajian timely appeals.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's findings of fact for clear error and conclusions of law de novo, Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 843 (9th Cir. 2004), and affirm.

To claim trademark infringement, a plaintiff must first establish that they own a valid and protectable trademark. Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 928 (9th Cir. 2005). One requirement for a mark to be valid and protectable is that the plaintiff's use of the mark was "continuous and not interrupted." Dep't of Parks & Recreation v. Bazaar Del

2

Mundo Inc., 448 F.3d 1118, 1125–26 (9th Cir. 2006). Federal registration provides prima facie evidence of a mark's validity and entitles the plaintiff to a presumption that the mark is valid, extending back to the filing date of the application for federal registration. Sengoku Works Ltd. v. RMC Int'l, Ltd., 96 F.3d 1217, 1219–20 (9th Cir. 1996). A defendant may overcome this presumption by a preponderance of the evidence. Id.

The district court concluded that Kajajian is the owner of a properly registered mark and she is entitled to a presumption of validity. It then analyzed whether Kopets established priority of use based on her prior-filed registration. Kopets' earlier-filed mark and use of that mark successfully pierces the presumption of validity because "a fundamental tenet of trademark law is that ownership . . . is governed by priority of use." Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp., 174 F.3d 1036, 1047 (9th Cir. 1999); see also Sengoku Works, 96 F.3d at 1220 ("[A defendant] can rebut this presumption [of validity] . . . if the [defendant] can show that he used the mark in commerce first[.]"). It was therefore proper for the district court to shift the burden of establishing mark validity to Kajajian—including showing that her use of the "Larissa Love" mark in relation to hair care products was continuous and not interrupted from before December 23, 2016.

Courts must consider the totality of the circumstances when determining

whether a plaintiff asserting trademark infringement has established continuous use. Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1159 (9th Cir. 2001). The district court considered documentary and testimonial evidence from Kajajian, but she provided no sales receipts, inventory information, documentation of sales, or documentary evidence that shows she offered her branded hair products for sale or otherwise used her "Larissa Love" mark in connection with hair care products in a continuous and uninterrupted manner.

The testimonial evidence suggests that Kajajian has used her "Larissa Love" mark in connection with hair products but falls short of establishing that she began using the mark before December 2016 and has since used it in a continuous and uninterrupted manner. Though several individuals testified that they have used "Larissa Love" products, including shampoo and conditioner, that testimonial evidence failed to establish a definite timeline for when the hair products were offered. Accordingly, the district court did not clearly err in concluding that Kajajian failed to establish by a preponderance of the evidence that she had continuously used the "Larissa Love" mark in relation to hair care products prior to Kopets' registration in December 2016.

**AFFIRMED.**